IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

THELMA A. WATKINS,

    Plaintiff,

vs.                                          No. 18-2289-SHL-dkv

TIPTON COUNTY SHERIFF OFFICE,
OFFICER SAEMENES,

    Defendants.
_____

REPORT AND RECOMMENDATION ON DEFENDANT TIPTON COUNTY SHERIFF
OFFICE'S MOTION TO DISMISS
_____

    Before the court is the August 20, 2018 motion of the defendant, Tipton County Sheriff Office ("TCSO"), to dismiss the complaint filed by the plaintiff, Thelma A. Watkins ("Watkins"), proceeding *pro se*. (ECF No. 18.) Watkins failed to respond to TCSO's motion to dismiss. This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

    For the reasons that follow, it is recommended that TCSO's motion to dismiss the complaint be granted and that Watkins be directed to amend her complaint, substituting the proper party, within thirty (30) days of the court's order.

I.  PROPOSED FINDINGS OF FACT

On April 30, 2018, Watkins filed a *pro se* complaint against TCSO and Tipton County Sheriff Deputy Keith Saemenes ("Officer Saemenes") (collectively, "Defendants"), alleging violations of her civil rights under 42 U.S.C. § 1983. (Compl. ¶ IV, ECF No. 1.)  Watkins claims that she was falsely arrested and charged with "assault to [an] officer" and "resisting arrest." (Compl. ¶ IV, ECF No. 1.)  Watkins further claims that she felt ill while in custody after the arrest, and that the "officers did not come to [her] aid" and failed to medically treat her. (*Id.*) Watkins paid the filing fee, (ECF No 2.), and served process upon both Defendants. (ECF Nos. 11-12.)

The Defendants filed a motion for extension of time to file a response to Watkins's complaint on July 16, 2018. (ECF No. 10.)  Watkins filed two motions opposing the Defendants' joint motion for extension of time to file a response and requesting the court grant relief as to each because the time for answering the complaint had expired. (ECF Nos. 14-15.)  The undersigned Magistrate Judge granted the Defendants' motion for extension of time to file a response, (ECF No. 13.), and denied as moot Watkins's motions to grant relief. (ECF No. 16.)

TCSO filed the current motion to dismiss on August 20, 2018, arguing that the court should dismiss the complaint because, by suing TCSO rather than Tipton County, Watkins has

2

sued a "non-suable" entity.  (Mem. Supp. TCSO's Mot. Dismiss 2, ECF No. 18-1.)  Watkins failed to respond to TCSO's motion to dismiss, and the time to do so has now passed.

## II.   PROPOSED CONCLUSIONS OF LAW

A.   <u>Standard of Review for Failure to State a Claim</u>

In assessing whether Watkins's Complaint states a claim for which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).  To survive Rule 12(b)(6) dismissal following *Iqbal* and *Twombly*, a complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678).  The court "construes the complaint in a light most favorable to the plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief.  *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."

3

*Iqbal*, 556 U.S. at 679.

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir.2004)).  Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Further, the courts are not required to act as counsel for a pro se litigant; nor are they required to sort through the pleadings to create a claim on behalf of the plaintiff.  *Pliler v. Ford*, 542 U.S. 225, 231 (2004)("[D]istrict judges have no obligation to act as counsel or paralegal to pro se litigants."); *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.")(internal quotation marks omitted).  Requiring the court "to ferret out the strongest cause of action on behalf of pro se litigants . . . would transform the courts from neutral arbiters of disputes into advocates for a particular party."  *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011).  "While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."  *Id.*

4

B.   TCSO's Motion to Dismiss as an Improper Defendant

Police departments can properly be characterized as "sub-units of the municipalities they serve." *Sargent v. City of Toledo Police Dep't*, 150 Fed. App'x 470, 475 (6th Cir. 2005). Consequently, it is well-established in the Sixth Circuit that such municipal agency – a sheriff's office or police department — is not a proper defendant in a § 1983 action. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)("[T]he Police Department is not an entity which may be sued . . . [thus the] County is the proper party to address the allegations of . . . [the] complaint."); *Mathes v. Metro Gov't of Nashville & Davidson Cty.*, 2010 WL 3341889, at *2 (M.D. Tenn., Aug. 25, 2010)(noting "since *Matthews*, federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit"). Here, Watkins named TCSO as a defendant in her complaint for damages alleging violations of § 1983. TCSO is not a separate legal entity which may be sued under § 1983. Thus, TCSO should be dismissed from this case as a matter of law.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that TCSO's motion to dismiss the complaint be granted because TCSO is an improper defendant to a § 1983 lawsuit. It is further

recommended Watkins be allowed to amend her complaint, substituting the proper party, within thirty (30) days of the court's order.

IT IS SO ORDERED this 25th day of September, 2018.

s/Diane K. Vescovo  
DIANE K. VESCOVO  
CHIEF UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.