```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```
_____

THELMA A. WATKINS,

       Plaintiff,

vs.

                                      No.    18-2289-SHL-dkv

OFFICER SAEMENES,

       Defendant.
_____

REPORT AND RECOMMENDATION ON THE DEFENDANT'S MOTION
                 FOR SUMMARY JUDGMENT
_____

On April 30, 2018, the plaintiff, Thelma A. Watkins ("Watkins"), filed a "Complaint for Violation of Civil Rights under 42 U.S.C. § 1983" against the Tipton County Sheriff's Office and Officer Keith Saemenes ("Officer Saemenes") using the court-issued form complaint. (Compl. ¶ III, ECF No. 1.) Watkins alleges she was falsely arrested and denied medical treatment while in custody. (*Id.* at ¶ IV.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

On August 20, 2018, the defendants filed a motion to dismiss the Tipton County Sheriff's Office as a defendant. (Mot. to Dismiss, ECF No. 18.)  On October 10, 2018, the presiding district judge adopted the magistrate judge's report and

recommendation, (R&R, ECF No. 22), recommending dismissal of the Tipton County Sheriff's Office as an improper party to the case, (Order Adopt. R&R, ECF No. 29), but allowed Watkins additional time to amend her complaint to name Tipton County as a defendant. Watkins failed to do so within the time allowed. Subsequently, Watkins filed an untimely amended complaint adding Tipton County, Tennessee and Officer J.T. "Pancho" Chumley as defendants without leave of court or consent of Officer Saemenes. (Am. Compl. ¶ III, ECF No. 47.)  The court granted Officer Saemenes's motion to strike, (ECF No. 48), the amended complaint because Watkins failed to meet the requirements of Fed. R. Civ. P. 15 for amending pleadings, (Order Grant. Mot. to Strike 4, ECF No. 58). Thus, Officer Saemenes remains as the only defendant.

Now before the court is Officer Saemenes's motion for summary judgment filed on December 19, 2018, accompanied by a statement of undisputed facts, seeking judgment as a matter of law on all counts.  (Def.'s Mot. for Summ. J., ECF No. 52.) Officer Saemenes's statement of undisputed facts is supported by his sworn declaration and the video footage from the security camera in the hall of the courthouse where the underlying incident took place.

Watkins filed two responses[1] in opposition to Officer

---

[1] On December 21, 2018, Watkins's filed a "Motion for Hearing/Continue Case to Trial," (ECF No. 54), requesting that the court deny the motion for summary judgment.  Watkins also filed an

Saemenes's motion for summary judgment on December 21, 2018, (Resp., ECF Nos. 54 & 55), and Officer Saemenes filed a reply to Watkins's "Additional Response" on January 4, 2019, (Def.'s Reply, ECF No. 57). For the reasons set forth below, it is recommended that Officer Saemenes's motion for summary judgment be granted.

## I.  PROPOSED FINDINGS OF FACT

Watkins has failed to comply with Fed. R. Civ. P. 56 and Local Rule 56.1 governing summary judgment motions. Under Rule 56(c)(1) of the Federal Rules of Civil Procedure, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion" in one of two ways:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Rule 56(e) of the Federal Rules of Civil Procedure further provides:

> If a party fails to properly support an assertion of

---

"Additional Response," (ECF No. 55), the same day, which contains arguments opposed to Officer Saemenes's motion for summary judgment. Therefore, it appears that Watkins intended ECF No. 54 to function as a preliminary response to the motion for summary judgment, not a motion. To the extent it is intended as a motion, it is denied. No hearing is needed or required.

fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or

(4) issue any other appropriate order.

In addition, pursuant to Local Rule 56.1(b), a party opposing summary judgment must respond to each fact set forth by the movant by either:

(1)  agreeing that the fact is undisputed;

(2)  agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or

(3)  demonstrating that the fact is disputed.

"[T]he non-movant must make a response to each fact set forth by the movant immediately below each fact set forth by the movant" and "by specific citation to the record." Local Rule 56.1(b).

In her responses to Officer Saemenes's motion for summary judgment, Watkins fails to make a response to each undisputed fact set forth by Officer Saemenes, as required by Local Rule 56.1(b). (ECF Nos. 54 & 55.) Watkins also failed to support each fact she appears to generally dispute by specific citation to the record. (*Id.*) Instead, in her "Additional Response," she

4

spends two pages making blanket arguments about the incident and her unsworn interpretation of the video footage without a single citation to the record. (*Id.*)

"Failure to respond to a moving party's statement of material facts . . . within the time periods provided by these rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment." Local Rule 56.1(d). Such failure inevitably tends to hinder a plaintiff's ability to avoid summary judgment, especially where the plaintiff has not provided any affidavits or other materials setting forth specific facts to show that there remains a genuine issue of fact for trial. Fed. R. Civ. P. 56(c)(1).

The court adopts Officer Saemenes's proposed factual findings to the extent they are properly supported by record evidence. *Nolgen v. FedEx TechConnect, Inc.*, 971 F. Supp. 2d 694, 700 (W.D. Tenn. 2013)(holding that *pro se* plaintiff's failure to respond to Local Rule 56.1 statement of material facts resulted in the admission of each statement of material fact); *Iqbal v. Pinnacle Airlines, Inc.*, 802 F. Supp. 2d 909, 916 (W.D. Tenn. 2011)(holding that failure to respond to Rule 56.1 statement of facts rendered those facts undisputed and warranted summary judgment in the defendant's favor). Accordingly, the court finds that the following facts are undisputed for the purposes of this motion for summary judgment:

On May 2, 2017, a Tipton County General Sessions Judge ordered Officer Saemenes and other Tipton County Sheriff's Deputies to take Calvin Watkins ("Mr. Watkins"), Watkins's son, into custody in relation to a criminal charge against him. (Def.'s Statement of Material Facts ¶¶ 1-2, ECF No. 52-2.) Mr. Watkins attempted to flee from the Sheriff's Deputies and evade custody, ignoring verbal commands to stop. (*Id.* at ¶¶ 3-5.) Mr. Watkins, attempting to leave the building, fled into the hallway of the Tipton County Civil Justice Complex, where the remainder of the incident was caught on security cameras. (*Id.* at 5; Video 13:25:57.) Officer Saemenes was granted leave to file the video with the court on December 17, 2018, (ECF No. 50), and the video was filed on December 20, 2018, (ECF No. 53).

One of the officers intercepted Mr. Watkins, who was continuing to resist arrest and refusing to place his hands behind his back. (Def.'s Statement of Material Facts ¶¶ 6-7, 9; Video 13:25:58.) Officer Saemenes attempted to deploy his taser to assist the officer in gaining control of Mr. Watkins. (Def.'s Statement of Material Facts ¶ 10; Video 13:25:59-13:26:02.)

In the midst of this confrontation, Watkins ran toward the scuffle and grabbed Officer Saemenes's arms as he was brandishing the taser. (Def.'s Statement of Material Facts ¶¶ 13-15; Video 13:26:01.) Officer Saemenes believed this action was an attempt "to interfere with his attempts to arrest her son" and "to

prevent [him] from using his taser." (*Id.* at ¶¶ 13, 15.) Watkins, on the other hand, claims that she was merely trying to get her son to surrender to the officers. (Pl.'s Resp. to Mot. for Summ. J. 1, ECF No. 55.) Upon being grabbed by Watkins, Officer Saemenes immediately pushed her away from the scuffle so that Mr. Watkins could be secured and arrested by other officers. (Def.'s Statement of Material Facts ¶ 16; Video 13:26:02-13:26:06.) Officer Saemenes then arrested Watkins and charged her with (1) assault in violation of Tenn. Code Ann. § 39-13-101, and (2) resisting arrest in violation of Tenn. Code Ann. § 39-16-602. (*Id.* at ¶¶ 17-18.)

　　Thereafter, Officer Saemenes escorted Watkins to a holding cell at the Tipton County Civil Justice Complex to be booked and processed by the jail staff. (*Id.* at ¶¶ 19-20.) At no time did Watkins inform Officer Saemenes that she was in need of medical care, nor did Officer Saemenes witness any symptoms indicating that Watkins needed medical assistance. (*Id.* at ¶¶ 22-23.) After placing her in a holding cell, Officer Saemenes had no other contact with Watkins. (*Id.* at ¶ 21.)

I.  PROPOSED CONCLUSIONS OF LAW

A.  <u>Summary Judgment Standard</u>

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993); *Osborn v. Ashland Cnty. Bd. of Alcohol, Drug Addiction & Mental Health Servs.*, 979 F.2d 1131, 1133 (6th Cir. 1992)(per curiam).  The moving party has the burden of showing that there are no genuine issues of material fact at issue in the case.  *LaPointe*, 8 F.3d at 378.  This may be accomplished by pointing out to the court that the non-moving party lacks evidence to support an essential element of its case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

In response, the non-moving party must go beyond the pleadings and present significant probative evidence to demonstrate that there is more than "some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 340 (6th Cir. 1993); *see also LaPointe*, 8 F.3d at 378.  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine

issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247—48 (1986); *LaPointe*, 8 F.3d at 378.

In deciding a motion for summary judgment, the "[c]ourt must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993)(quoting *Anderson*, 477 U.S. at 251—52). The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Patton*, 8 F.3d at 346; *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). However, to defeat a motion for summary judgment, "[t]he mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson*, 477 U.S. at 252; *LaPointe*, 8 F.3d at 378. Finally, a court considering a motion for summary judgment may not weigh evidence or make credibility determinations. *Anderson*, 477 U.S. at 255; *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994).

B.   Watkins's Claims for Violation of her Civil Rights Under 42 U.S.C. § 1983

Section 1983 does not provide any substantive rights itself; it "merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994)(citation and internal quotation marks omitted). "The first step in any such claim is to identify the specific constitutional right allegedly infringed." *Id.* (citations omitted). Therefore, the court must identify and then analyze Watkins's specific constitutional claims against Officer Saemenes.

1.   Section 1983 Claim for False Arrest

Although Watkins fails to specifically identify any particular constitutional right which she claims was violated, throughout her complaint she maintains that she was falsely arrested and charged with assault to an officer by Officer Saemenes, which implicates the Fourth Amendment. (Compl. ¶ IV, ECF No. 1.)  Officer Saemenes argues that he did not violate the Fourth Amendment by arresting Watkins because he had probable cause to justify the arrest. (Br. in Supp. of Mot. for Summ. J. 6, ECF No. 52-1.)  He claims that, based upon Watkins's actions, he was "justified in determining that he had probable cause to believe [she] committed a crime . . . . [r]egardless of whether [her] actions amounted to an assault, resisting arrest, or both." (*Id.*)

In her "Additional Response," Watkins argues that the video shows no evidence of assault to an officer or resisting arrest. (Pl.'s Resp. to Mot. for Summ. J. 1, ECF No. 55.)  Watkins also insists that she was directing her attention toward her son, not toward Officer Saemenes, in an attempt to convince her son to surrender to the officers.  (*Id.*)  She claims that Officer Saemenes actually assaulted her, arguing that the video shows "Officer Saemenes made first contact with [her]" and that he "continued to use excessive force when he pushed [her] into the potted plant in the corner."  (*Id.* at 2.)

"A false arrest claim under federal law requires a plaintiff to establish that the arresting officer lacked probable cause to arrest the plaintiff."  *Bach v. Drerup*, 545 F. App'x 474, 476 (6th Cir. 2013)(citing *Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010)).  "'Probable cause is defined as reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion.'"  *Sykes*, 625 F.3d at 305 (quoting *United States v. McClain*, 444 F.3d 556, 562 (6th Cir. 2005)).  To determine whether Officer Saemenes had probable cause to arrest Watkins, the court "consider[s] the totality of the circumstances and whether the 'facts and circumstances' of which [Officer Saemenes] had knowledge *at the moment of the arrest* were 'sufficient to warrant a prudent person . . . in believing . . . that' the seized individual 'ha[d] committed . . . an offense.'"

11

*Id.* at 306 (quoting *Hinchman v. Moore*, 312 F.3d 198, 204 (6th Cir. 2002)(emphasis added)).

Here, according to the undisputed facts, Watkins jumped into the scuffle during the officers' attempted arrest of Mr. Watkins, (Video 13:26:01), and as Officer Saemenes was attempting to deploy his taser, Watkins grabbed his arm and pulled it, interfering with Officer Saemenes's aim. (*Id.* at 13:26:02.) It is immaterial whether Watkins *intended* to assault Officer Saemenes or resist arrest by interfering with the arrest of her son. Given her son's attempts to evade arrest, the ensuing struggle, and Watkins's grabbing and pulling at Officer Saemenes while he attempted to apprehend her son, the totality of the circumstances of which Officer Saemenes had knowledge *in the moment* of the arrest were sufficient to warrant a reasonably prudent person in believing that Watkins committed the offense of resisting arrest.[2]

---

[2] Tenn. Code Ann. § 39-16-602(a) provides that the offense of resisting arrest occurs when "a person . . . intentionally prevent[s] or obstruct[s] anyone known to the person to be a law enforcement officer . . . from effecting a stop, frisk, halt, arrest or search of any person, including the defendant, by using force against the law enforcement officer or another." Thus, Watkins's interference with her son's arrest qualifies as resisting arrest under Tenn. Code Ann. § 39-16-602(a). Further, to the extent that probable cause exists for either of Watkins's charges – assault and resisting arrest – the arrest will be deemed lawful with respect to all charges. *Lyons v. City of Xenia*, 417 F.3d 565, 573 (6th Cir. 2005)(citing *Weaver v. Shadoan*, 340 F.3d 398, 407 (6th Cir. 2003)). Therefore, it irrelevant whether the charge of assault was proper because the arrest for resisting arrest was supported by probable cause.

The fact that probable cause for arrest is required does not mean that any time charges are dropped, or a person is acquitted, an arrest was made without probable cause. Certainly "[t]he Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted — indeed, for every suspect released." *Baker v. McCollan*, 443 U.S. 137, 145 (1979). Therefore, the fact that the assault and resisting arrest charges against her were eventually dropped does not make Watkins's arrest a violation of the Fourth Amendment.

Therefore, it is recommended that the court grant Officer Saemenes's motion for summary judgment on Watkins's § 1983 claim under the Fourth Amendment for false arrest.

2. *Section 1983 Claim for Excessive Force*

In her "Additional Response" to the motion for summary judgment, Watkins alleges use of excessive force. (Pl.'s Resp. to Mot. for Summ. J. 2, ECF No. 55.) She claims that Officer Saemenes used excessive force – thereby committing assault against her — when he pushed her away from the fracas and into a potted plant in the corner of the hallway. (*Id.* at 2.) Officer Saemenes argues that Watkins cannot bring an excessive force claim for the first time in her response to his motion for summary judgment. (Def.'s Reply to Resp. to Mot. for Summ. J. 2-4, ECF No. 57.)

A plaintiff may not expand the scope of her claim in an opposition to a summary judgment motion. *See Tucker v. Union of Needletrades, Industrial & Textile Employees, et al.*, 407 F.3d 784, 788 (6th Cir. 2005). Neither may a plaintiff expand her claims to assert new theories for the first time in a response to a motion for summary judgment. *Desparois v. Perrysburg Exempted Vill. Sch. Dist.*, 455 Fed. App'x 659, 666 (6th Cir. 2012)(citing to *Bridgeport Music, Inc. v. WM Music Corp.*, 508 F.3d 394, 400 (6th Cir. 2007)). In *Tucker*, the Sixth Circuit discussed the rationale against permitting the assertion of new claims in response to a motion for summary judgment.

> Once a case has progressed to the summary judgment stage, therefore, "the liberal pleading standards under *Swierkiewicz* and [the Federal Rules] are inapplicable." *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)(holding that a plaintiff could not raise a new claim in response to a summary judgment motion); *see also*, 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2723 (3d ed. Supp. 2005)("A non-moving plaintiff may not raise a new legal claim for the first time in response to the opposing party's summary judgment motion. At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Rule 15(a)."). To permit a plaintiff to do otherwise would subject defendants to unfair surprise. *See Guffrie v. Local Lodge No. 1124*, No. 90-3540, 1991 WL 135576, at *5 (6th Cir. July 24, 1991)(unpublished)(refusing to hear new claims raised for the first time in opposition to summary judgment because, "[h]aving received no notice of them, the defendants had no opportunity to investigate them when they conducted their own discovery"); *see also*, *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001)(stating that even under the liberal notice-pleading regime, the Federal

14

>    Rules of Civil Procedure still require "that the complaint give the defendant fair notice of the claim and its supporting facts").

Id. at 788.

In opposing summary judgment, Watkins has advanced a new claim that was never pled. There was nothing in her complaint to put Officer Saemenes on notice of her excessive force claim. (Compl., ECF No. 1.) The pleadings make no mention that Officer Saemenes used excessive force against Watkins in effectuating the arrest; instead, they merely suggest that Watkins was arrested without probable cause, mentioning nothing about *the method* of her arrest. (*Id.* at ¶ IV.) Neither did Watkins attempt to amend her complaint to add a claim for excessive force. (ECF No. 47.) Because she has failed to properly assert this claim, the court declines to consider it.

    3.    *Section 1983 Claim for Denial of Medical Treatment*

In her complaint, Watkins claims that while in custody she made unnamed officers aware that she "felt ill" but that the officers failed to come to her aid and did not call any nurse or medical professional to assist her. (Compl. ¶ IV, ECF No. 1.) She claims that instead, the intake officer (Kasi Hurt), who was not named as a defendant in this suit, checked her blood sugar level, but did nothing to treat her. (*Id.*)

Again, Watkins fails to specifically identify any particular constitutional right which she claims was violated, but her claim

15

can be liberally construed as a claim for deliberate indifference to her medical needs in violation of the protections of the Fourteenth Amendment. (Compl. ¶ IV, ECF No. 1.) Officer Saemenes argues that Watkins cannot make a claim of deliberate indifference to her medical needs against him because, after arresting Watkins and escorting her to a holding cell, Officer Saemenes "had no further interactions with [Watkins] and at no time did [she] inform [him] that she was in need of medical care." (Br. in Support of Mot. for Summ. J. 7, ECF No. 52-1.)[3] In her response to the motion for summary judgment, Watkins failed to respond to Officer Saemenes's arguments regarding her Fourteenth Amendment claim for denial of medical care, and the time to do so has now passed. (Pl.'s Resp. to Mot. for Summ. J., ECF No. 55.)

The Fourteenth Amendment Due Process Clause forbids prison officials from "unnecessarily and wantonly inflicting pain" on a pretrial detainee with "deliberate indifference" towards the detainee's serious medical needs. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004). A prison official's deliberate indifference is manifested when he intentionally denies or delays access to medical care for a serious medical

---

[3] Because the district judge has already dismissed the Sheriff's Office as an improper party, (Order Adopt. R&R, ECF No. 29), Officer Saemenes is the only party left against whom Watkins can make this claim.

need.  *Id.* (citation omitted).  "A constitutional claim for denial of medical care has objective and subjective components." *Id.* (citing, *inter alia*, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).  "The objective component requires the existence of a 'sufficiently serious' medical need."  *Id.* (quoting *Farmer*, 511 U.S. at 834). The subjective component requires the plaintiff to show that prison officials possessed "a sufficiently culpable state of mind in denying medical care."  *Estate of Carter v. City of Detroit*, 408 F.3d 305, 311 (6th Cir. 2005)(quoting *Blackmore*, 390 F.3d at 895).

Watkins fails to identify a "sufficiently serious" medical need.  Watkins claims that while she was in custody, she "felt ill and made the officers aware of the situation several times." (Compl. ¶ IV, ECF No. 1.)  She fails, however, to identify *any* medical need more specific than feeling ill.  A medical need is objectively serious if it is "one that has been diagnosed by a physician as mandating treatment *or* one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Blackmore*, 390 F.3d at 897 (citations omitted).  Watkins has proffered no evidence to identify the illness she suffered or to suggest that the illness was diagnosed by a physician as mandating treatment or was so obvious that even a lay person would easily recognize the necessity for a doctor's attention.  *Id.*  Therefore, Watkins fails to claim a sufficiently

17

serious medical need adequate to maintain a constitutional claim for denial of medical care against Officer Saemenes.

Further, Watkins has failed to allege or come forth with any proof that Officer Saemenes personally denied her medical care. It is well-settled that "[t]o establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)(citing to *Monroe v. Pape*, 365 U.S. 167 (1961)). See also, *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012)("Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior.")(citations omitted); *Murphy v. Greiner*, 406 Fed, App'x 972, 974 (6th Cir. 2011)("Personal involvement is necessary to establish section 1983 liability."); *Taylor v. Mich. Dep't. of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995)("Because § 1983 liability cannot be imposed under a theory of *respondeat superior,* proof of personal involvement is required for a supervisor to incur personal liability."); *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991)(noting that "personal liability must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants").

It is undisputed that Officer Saemenes had no contact with

Watkins after he arrested her and placed her in a holding cell. (Def.'s Statement of Material Facts ¶ 21, ECF No. 52-2.) It is also undisputed that Watkins never informed Officer Saemenes that she needed medical care; nor did Officer Saemenes witness any symptoms putting him on notice that Watkins was in need of medical care. (*Id.* at ¶¶ 22-23.) Officer Saemenes cannot be held vicariously liable for the action or inaction of another officer. Because Officer Saemenes did not personally act to delay or deny Watkins of medical attention, he cannot be liable for deliberate indifference under § 1983.

Accordingly, it is recommended that Officer Saemenes's motion for summary judgment be granted on Watkins's claim for denial of medical care.

I.   CONCLUSION

For the foregoing reasons, it is recommended that Officer Saemenes's motion for summary judgment be granted in its entirety.

Respectfully submitted this 8th day of February, 2019.

                              <u>s/Diane K. Vescovo</u>
                              DIANE K. VESCOVO
                              CHIEF UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations.

A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.